**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 3435

FILED
US DISTRICT COURT EDNY
★ JUN 17 2013 ★
LONG ISLAND OFFICE

BIANCO, J.

BROWN, M. J.

SUSAN SEAMAN,

    Plaintiff,

-against-

SLM CORPORATION,

    Defendant.

COMPLAINT

Plaintiff, Susan Seaman ("Plaintiff"), through the undersigned attorney, alleges the following against, Defendant, SLM Corporation ("Defendant"), commonly known as Sallie Mae:

## INTRODUCTION

1.     Count I of Plaintiff's Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331.

3.     Defendant conducts business in the State of New York establishing personal jurisdiction.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Balwin, Nassau County, New York.

6. Defendant is a business entity with an office located in Wilkes-Barre, Pennsylvania.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. On or around April 17, 2013, Plaintiff spoke with Defendant's employee, "Courtney," and asked Defendant to stop placing calls to her cellular telephone number.

9. On the same day, Defendant called again, and Plaintiff spoke with Defendant's employee, "Jay L.," at which time Plaintiff again asked Defendant to stop calling her cellular telephone number.

10. Despite Plaintiff's request to stop calling her cellular telephone number, Defendant continued to call Plaintiff using an auto-dialer to her cellular telephone.

11. When Defendant called Plaintiff, it called her from telephone number (765) 283-3014 and (765) 283-3015, which are telephone numbers assigned to Defendant.

12. All of Defendant's telephone calls to Plaintiff were placed using an automatic telephone dialing system ("auto-dialer").

13. Since April 17, 2013, Plaintiff received approximately one-hundred sixty-eight (168) or more telephone calls from Defendant, which Defendant placed using an auto-dialer.

14. Specifically, Defendant called Plaintiff as follows:

- April 17, 2013 – 6 calls;
- April 18, 2013 – 5 calls;
- April 19, 2013 – 10 calls;
- April 20, 2013 – 1 call;
- April 22, 2013 – 5 calls;
- April 23, 2013 – 4 calls;
- April 24, 2013 – 3 calls;
- April 25, 2013 – 5 calls;

- April 26, 2013 – 5 calls;
- April 27, 2013 – 3 calls;
- April 29, 2013 – 6 calls;
- April 30, 2013 – 5 calls;
- May 2, 2013 – 5 calls;
- May 3, 2013 – 7 calls;
- May 4, 2013 – 2 calls;
- May 6, 2013 – 4 calls;
- May 7, 2013 – 8 calls;
- May 8, 2013 – 4 calls;
- May 9, 2013 – 6 calls;
- May 10, 2013 – 6 calls;
- May 13, 2013 – 7 calls;
- May 14, 2013 – 7 calls;
- May 15, 2013 – 3 calls;
- May 16, 2013 – 7 calls;
- May 17, 2013 – 5 calls;
- May 18, 2013 – 1 call;
- May 20, 2013 – 8 calls;
- May 21, 2013 – 6 calls;
- May 22, 2013 – 7 calls;
- May 23, 2013 – 6 calls;
- May 24, 2013 – 5 calls;
- May 25, 2013 – 3 calls; and
- May 27, 2013 – 3 calls.

15. Plaintiff never provided Defendant with any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system.

16. Even if such consent was previously given, Plaintiff revoked such consent on or around April 17, 2013.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates by reference the forgoing Paragraphs 1-16.

18. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every

violation pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, Susan Seaman, respectfully request judgment be entered against Defendant, SLM CORPORATION, for the following:

20. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

21. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

22. All court costs, witness fees and other fees incurred; and

23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE Plaintiff, Susan Seaman, demands a jury trial in this cause of action.

Dated: June 4, 2013                                    RESPECTFULLY SUBMITTED,

By: _____

Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428 Ext. 242
Fax: 866-829-5083
ahill@consumerlawcenter.com
Attorney for Plaintiff