# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN SEAMAN,<br><br>                Plaintiff,<br><br>v.<br><br>SALLIE MAE, INC.,<br><br>                Defendant. | **Civil Action No.: 2:13-cv-03435-JFB-GRB** |

## DEFENDANT SALLIE MAE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Sallie Mae, Inc. ("SMI"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Second Amended Complaint filed by plaintiff, Susan Seaman ("Plaintiff"), and states:

## INTRODUCTION

1. SMI admits Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, but denies any and all violations, liability and/or damages to the extent alleged in ¶ 1.

## JURISDICTION AND VENUE

2. SMI admits the allegations in ¶ 2 for jurisdictional purposes only.

3. SMI admits the allegations in ¶ 3 for jurisdictional purposes only.

4. SMI admits the allegations in ¶ 4 for venue purposes only.

## PARTIES

5. SMI denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6. SMI admits the allegations in ¶ 6.

7. SMI denies the allegations in ¶ 7.

## FACTUAL ALLEGATIONS

8. SMI admits that it placed a call on April 17, 2013, to telephone number xxx-xxx-5517, and spoke with an unidentified female. Except as specifically admitted, SMI denies the allegations in ¶ 8.

9. SMI admits that it spoke with an unidentified female a second time after placing a call on April 17, 2013, to telephone number xxx-xxx-5517. Except as specifically admitted, SMI denies the allegations in ¶ 9.

10. SMI denies the allegations in ¶ 10.

11. SMI denies the allegations in ¶ 11.

12. SMI denies the allegations in ¶ 12.

13. SMI denies the allegations in ¶ 13.

14. SMI denies the allegations in ¶ 14.

15. The allegations contained in ¶ 15 are legal conclusions to which no response is required. To the extent any response is required, SMI denies the allegations in ¶ 15.

16. The allegations contained in ¶ 16 are legal conclusions to which no response is required. To the extent any response is required, SMI denies the allegations in ¶ 16.

COUNT I
VIOLATION OF THE TELEPHONE CONSUMER
PROTECTION ACT

17. SMI reasserts its responses to ¶ 1 through ¶ 16 as if fully incorporated herein.

18. The allegations contained in ¶ 18 are legal conclusions to which no response is required. To the extent any response is required, SMI denies the allegations in ¶ 18.

19. The allegations contained in ¶ 19 are legal conclusions to which no response is required. To the extent any response is required, SMI denies the allegations in ¶ 19.

PRAYER FOR RELIEF

20. SMI denies that plaintiff is entitled to the relief sought in ¶ 20.

21. SMI denies that plaintiff is entitled to the relief sought in ¶ 21.

22. SMI denies that plaintiff is entitled to the relief sought in ¶ 22.

23. SMI denies that plaintiff is entitled to the relief sought in ¶ 23.

WHEREFORE, Defendant, Sallie Mae, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate

DEMAND FOR JURY TRIAL

24. This paragraph is not directed towards SMI and therefore no affirmative response is required.

## **SMI'S AFFIRMATIVE DEFENSES**

1. Plaintiff's claims may be barred in whole or in part by the doctrines of laches, estoppel, waiver and/or unclean hands.

2. Assuming that Plaintiff suffered any damages, she has failed to mitigate her alleged damages or take other reasonable steps to avoid or reduce her alleged damages.

3. Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent, and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of SMI.

4. Plaintiff's claims are barred because SMI was provided with "prior express consent" within the meaning of the TCPA, 47 U.S.C. §227(b)(1)(A), for any calls allegedly placed to the alleged cellular phone number at issue by any alleged automatic telephone dialing system.

5. Plaintiff has failed to state a claim against SMI upon which relief may be granted.

6. Plaintiff is precluded from any recovery from SMI for a willful and knowing violation of the TCPA because any such violation (which SMI denies occurred) would not have been willful or knowing.

7. The imposition of liability and/or statutory damages under the TCPA as sought in the Amended Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

8.     Plaintiff's claims are barred to the extent that Plaintiff was not the intended called party, and on the basis that Plaintiff lacks standing to sue for the claims alleged.

9.     Plaintiff's alleged damages are the result of acts or omissions committed by Plaintiff.

10.    Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

11.    SMI expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

WHEREFORE, Defendant, Sallie Mae, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated: October 16, 2013

                              Respectfully Submitted,

                              *s/Aaron R. Easley*
                              Aaron R. Easley, Esq. (ae9922)
                              SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                              3 Cross Creek Drive
                              Flemington, NJ 08822
                              Telephone: (908) 237-1660
                              Facsimile: (908) 237-1663
                              Email:  aeasley@sessions-law.biz
                              *Attorney for Defendant,*
                              *Sallie Mae, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2013 a copy of the foregoing **Defendant, Sallie Mae Inc.'s Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's CM/ECF system.

>Adam T. Hill, Esq.
>Krohn & Moss, Ltd.
>10 N. Dearborn St., 3rd Floor
>Chicago, Illiniois 60602
>Email: ahill@consumerlawcenter.com
>*Attorney for Plaintiff,*
>*Susan Seaman*

>By: *s/ Aaron R. Easley*
>Aaron R. Easley, Esq.
>*Attorney for Defendant,*
>*Sallie Mae, Inc.*